IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
HILDA L. SOLIS, Secretary
of Labor; U.S. Dept. Of
Labor,
              Plaintiff,
     vs.                              Case No. 09-4051-RDR

MAHAOM, LLC, 29th STREET
QUICK STOP, INC. and
MOHAMMAD ASIF, Individually,

              Defendants.
```

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant Mohammed Asif's motion to set aside default judgment. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

On April 22, 2009, the Secretary of Labor filed this action against defendants Mahaom, LLC; 29th Street Quick Stop, Inc.; and Mohammad Asif alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. The Secretary sought, inter alia, to enjoin defendants from violating § 15(a)(2) and § 15(a)(5) of the FLSA, and to restrain any withholding or payment of unpaid regular rate and overtime compensation due to an employee of the defendants under the FLSA. On June 23, 2009, defendant Asif filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Kansas. On September 23, 2009, the Secretary filed a motion for default judgment against the

defendants. Defendant Asif had previously filed a notice of bankruptcy filing on September 16, 2009. The court granted the Secretary's motion for default judgment on September 24, 2009. In that order, the court directed that defendants pay the back wages owed to the Department of Labor in the amount of $45,236.45, subject to any order of the Bankruptcy Court regarding the resolution of this debt. Defendant Asif filed the instant motion on October 5, 2009.

In his motion, the defendant argues that the court's order of September 24, 2009 violates the automatic stay provisions of the Bankruptcy Code and should therefore be set aside. The Secretary has responded that this action falls under the "police or regulatory power" exception from the automatic stay provision. Thus, the Secretary asserts that the default judgment order was appropriate and the defendant's motion should be denied.

As a general rule, when a party files for bankruptcy, all litigation against the debtor in other forums is automatically stayed. 11 U.S.C. § 362(a). However, the Bankruptcy Code contains certain exceptions. Section 362(b)(4), known as the regulatory and police power exception, provides such an exclusion:

> Filing a voluntary petition does not operate as a stay of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

2

11 U.S.C. § 362(b)(4).

Determining whether an action is stayed depends on the nature of the lawsuit and the relief requested. In Eddleman v. U.S. Dept. Of Labor, 923 F.2d 782, 791 (10th Cir. 1991), overruled in part on other grounds by Temex, Inc. V. Underwood, Wilson, Berry, Stein & Johnson, 968 F.2d 1003 (10th Cir. 1992), the Tenth Circuit examined the regulatory and police power exception and applied two tests to determine whether a governmental action falls within the exception: the "pecuniary purpose" test and the "public policy" test. In Eddleman, the Tenth Circuit held that an enforcement proceeding brought by the Department of Labor to liquidate claims for back wages under the minimum wage requirements of the Service Contract Act was excepted from the stay as a proceeding to enforce the police or regulatory power under § 362(a)(4). Eddleman, 923 F.2d at 791. The Tenth Circuit did not state a preference for either of the aforementioned tests, but found that the agency proceeding in question was "exempt from the stay under either test." Id.

The Secretary relies upon Eddleman here and contends that this proceeding is exempt under § 362(a)(4). Defendant Asif suggests that the Secretary has misread Eddleman and § 362(a)(4). The defendant argues that this action should have been stayed because the Secretary was seeking a money judgment against him, not injunctive relief.

Having thoroughly reviewed Eddleman, as well as other cases in

3

this area, the court is persuaded that the Secretary is correct. See, e.g., Chao v. BDK Industries, LLC, 296 B.R. 165, 169 (C.D.Ill. 2003); Chao v. Mike & Charlie's, Inc., 2006 WL 18467 at * 3 (S.D.Tex. 2006). The defendant fails to understand the difference between "entry" of a money judgment and the "enforcement" of a money judgment. The Bankruptcy Code draws a distinction between entry and enforcement of a money judgment, allowing entry but not enforcement. See NLRB v. P*I*E* Nationwide, Inc., 923 F.2d 506, 512 (7th Cir. 1991) ("the [NLRB] does not run afoul of section 362(b)(5) [the provisions of § 362(b)(5) were repealed and incorporated into § 362(b)(4) in 1998] by attempting to reduce a claim to judgment: the [NLRB] is merely seeking to reduce a claim to judgment and is not trying to seize [defendant's] property"); Illinois v. Electrical Utilities, 41 B.R. 874, 877 (N.D.Ill. 1984) (state pollution authorities could seek injunctive relief and could obtain, but not enforce, a money judgment against a polluter).

Accordingly, the court finds that this action was exempt from the automatic stay under 11 U.S.C. § 362(b)(4). Accordingly, the court properly entered default judgment against the defendants on September 24, 2009. Defendant Asif's motion to set aside the default judgment shall be denied.

**IT IS THEREFORE ORDERED** that defendant Asif's motion to set aside default judgment (Doc. # 17) be hereby denied.

**IT IS SO ORDERED.**

Dated this 2nd day of November, 2009 at Topeka, Kansas.


                                          s/Richard D. Rogers
                                          United States District Judge